# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| NEWSTAR CHEMICALS (M) SDN BHD, a Malaysian private limited company, NEWSTAR HOLDINGS PTE LTD., a Singaporean private limited company, and RANDALL HART,<br><br>Plaintiffs,<br><br>vs.<br><br>MEGOLA, INC., a Nevada Corporation, and DOES 1 through 500,<br><br>Defendants. | Case No.: 2:11-cv-00926-GMN-RJJ<br><br>**ORDER** |

Pending before the Court is the Motion to Enforce Liens for Counsel Fees and Costs (ECF No. 43) that was filed by Schiff Hardin LLP and the Blumberg Law Firm, former counsel for Plaintiff Newstar Chemicals.  Plaintiff Newstar Chemicals ("Plaintiff") filed a Response (ECF No. 49) and Schiff Hardin LLP and the Blumberg Law Firm filed a Reply (ECF No. 50). Subsequently, Blumberg Law Firm withdrew its motion (ECF No. 51).  For the reasons discussed below, Schiff Hardin's Motion to Enforce Liens for Counsel Fees and Costs is DENIED.

## I.      BACKGROUND

On June 7, 2011, Plaintiff filed a trademark infringement suit against Megola, Inc. ("Defendant"). (Compl., ECF No. 1.)  Plaintiff had previously retained Schiff Hardin LLP and the Blumberg Law Firm to prepare the complaint and to prepare Plaintiff's Motion for Preliminary Injunction. (Pls.' Resp. Mot. Enforce Liens for Counsel Fees & Costs 2, ECF No. 49.)  Sometime after the motion was filed, Plaintiff terminated the services of Schiff Hardin and

the Blumberg Law Firm. (Mot. Enforce Liens for Counsel Fees & Costs 1, ECF No. 43; Pls.'
Resp. Mot. Enforce Liens for Counsel Fees & Costs 2, ECF No. 49.)

 At the Status Conference held on September 27, 2011, Plaintiff's newly retained counsel
appeared and notified the Court that Plaintiff and Defendant had reached a settlement. (Mot.
Enforce Liens for Counsel Fees & Costs 2, ECF No. 39; Pls.' Resp. Mot. Enforce Liens for
Counsel Fees & Costs 2, ECF No. 49.)  Subsequently, Schiff Hardin and the Blumberg Law
Firm brought this motion seeking an order that Plaintiff pay its outstanding attorneys' fees and
costs. (*Id.*)  On April 25, 2012, the Blumberg Law Firm withdrew its motion, leaving only
Schiff Hardin's Motion to Enforce Liens for Counsel Fees and Costs pursuant to Nevada
Revised Statute 18.015.

## II. <u>JURISDICTION</u>

 Federal Courts are courts of limited jurisdiction.  Accordingly, the party asserting the
claim must carry its burden of establishing that a federal court has subject matter jurisdiction
over that claim.  By statute, there are three sources of federal subject matter jurisdiction:
(1) federal question, 28 U.S.C. § 1331; (2) diversity, 28 U.S.C. § 1332; and (3) supplemental
jurisdiction, 28 U.S.C. § 1367.

 Here, Schiff Hardin asserts that this Court has power over its request to enforce an
attorneys' lien pursuant to the Court's supplemental jurisdiction.  Supplemental jurisdiction
allows a federal court to adjudicate matters that arise in the course of an action or are
sufficiently related to that action, thereby allowing one court to have the authority to decide the
entire case. *Curry v. Del Priore*, 941 F.2d 730, 731 (9th Cir. 1991).  Because of the enactment
of 28 U.S.C. § 1367, supplemental jurisdiction encompasses the previously recognized
doctrines of ancillary and pendent jurisdiction.  With respect to fee disputes between a party
and its counsel, "[c]ourts have long recognized that fee disputes arising from litigation pending
before a district court fall within that court's ancillary jurisdiction." *Id.*

In this case, neither party disputes that Schiff Hardin represented Plaintiff at the outset of Plaintiff's trademark infringement lawsuit against Defendant. (Pls.' Resp. Mot. Enforce Liens for Counsel Fees and Costs 2, ECF No. 49.)  The parties also agree that Plaintiff incurred the disputed fees as a result of filing the complaint and a motion for preliminary injunction. (*Id.*)  Shortly thereafter, Plaintiff terminated Schiff Hardin's services. (*Id.*)  Because these fees arose from Schiff Hardin's former representation of Plaintiff, this Court has the power to exercise its supplemental jurisdiction over this fee dispute. *See Curry*, 941 F.2d at 731.

III.   <u>NEVADA REVISED STATUTE 18.015</u>

Nevada state law recognizes two types of attorney's liens. *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 782 (2009).  The first type of lien, created by Nevada Revised Statute 18.015, is "a special or charging lien on the judgment or settlement [that] the attorney has obtained for the client." *Id.* (citation omitted); *see also* NRS 18.015.  The second type of lien, a creature of common law, is a general or retaining lien, "which allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien." *Id.* (citation omitted).

In its motion, Schiff Hardin expressly states that it is only seeking to enforce a charging lien under Nevada Revised Statute 18.015.  To support its motion, Schiff Hardin merely states that "[i]n accordance with Section 18.015(1), [Schiff Hardin] ha[s] charging liens against any settlement in favor of Plaintiffs in this action." (Mot. Enforce Liens for Counsel Fees and Costs 3, ECF No. 43.)  Schiff Hardin fails to cite to any binding precedent to support its bare assertion that this Court has the authority to enforce such a lien.  In fact, the Nevada Supreme Court has described this type of lien as "a lien on the judgment or settlement that *the attorney has obtained for the client.*" *Argentena*, 216 P.3d at 783-784 (emphasis added).  By its own admission, Schiff Hardin was not involved in the settlement between the Plaintiff and

Defendant.  Thus, Schiff Hardin could not have obtained a judgment or settlement for Plaintiff as required by Nevada Revised Statute 18.015.  Of course, Schiff Hardin is free to seek compensation for its work under a theory of breach of contract or quantum meruit in a state court action.  However, Schiff Hardin has not carried its burden of establishing that this Court has the authority to grant the requested relief.

**IV.**     **CONCLUSION**

   **IT IS HEREBY ORDERED** that the Motion to Enforce Liens for Counsel Fees and Costs (ECF No. 43) is **DENIED**.

   **DATED** this 21st day of September, 2012.

_____
Gloria M. Navarro
United States District Judge